Oscar SALSBERG, Plaintiff-Appellant,

v.

MODERN TRANSFER COMPANY, Inc.,
and Samuel L. Lebovitz, Defendants-
Appellees.

Saul RODRIGUEZ, Plaintiff-Appellant,

v.

MODERN TRANSFER COMPANY, Inc.,
and Samuel L. Lebovitz, Defendants-
Appellees.

Nos. 61, 62, Dockets 27638, 27639.

United States Court of Appeals
Second Circuit.

Argued Oct. 16, 1963.

Decided Nov. 26, 1963.

Louis Rothbard, Brooklyn, N. Y., for plaintiffs-appellants.

Edward Ash, New York City (Alexander, Ash & Schwartz, New York City, on the brief) (Sidney A. Schwartz and William N. Mairs, Jr., New York City, of counsel), for defendants-appellees.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

These are appeals from judgments for defendants in typical diversity cases involving an automobile collision in the State of Pennsylvania. The judgments resulted from a jury trial of two consolidated cases in the United States District Court for the Southern District of New York, Cooper, J. The facts material to these appeals are not complex. Plaintiff Saul Rodriguez was the driver of one car in which plaintiff Oscar Salsberg, president of Rodriguez's employer corporation, was a passenger. The other car was owned by defendant Modern Transfer Company and operated by its president, Samuel L. Lebovitz. The road was slippery and icy in spots; there was considerable dispute in the testimony as to rate of speed of the respective cars, the extent of visibility, and there was a marked dispute as to which car was over the center dividing line at the time of impact. Plaintiffs-appellants urge four grounds for reversal: error in admission in evidence of a diagram; failure of the court to answer a question asked by the jury; submission to the jury of the sudden emergency rule and exclusion of proffered testimony of Pennsylvania law by a Pennsylvania lawyer. We find no merit in any of these claims and affirm.

Sometime between 30 and 45 minutes after the accident Pennsylvania State

Trooper Plummer arrived on the scene and talked with the occupants of both cars except Oscar Salsberg who was unconscious. He also observed the condition of the cars and the road. He then prepared an "accident investigation report" required by law and filed it. The report was on a printed form consisting of two pages with printed questions and handwritten answers on one page and a blank form of diagram or sketch to give approximate location of the cars on the second page. On the night before the trial, plaintiffs' attorney met with the state trooper in a hotel in New York. In order to better explain the diagram to plaintiffs' attorney, the state trooper marked on the diagram three short lines showing the center line, the Rodriguez car and the apparent direction of the car. The state trooper, subpoenaed by both sides, testified for the plaintiffs. Defendants sought to introduce the two page report, including the second page with the lines drawn the night before. The trial judge at first sustained the objection to its admission but later permitted it to be introduced with the understanding that the sketch was admitted for the limited purpose of attacking the witness's credibility.

■■ There should be little doubt of the admissibility of the report in its original form under 28 U.S.C.A. § 1732(a). Pekelis v. Transcontinental & Western Air, Inc., 187 F.2d 122 (2 Cir. 1951); McKee v. Jamestown Baking Co., 198 F. 2d 551 (3 Cir. 1952); United States v. New York Foreign Trade Zone Operators, 304 F.2d 792 (2 Cir. 1962). The second sheet of the report with the lines made the night before does not conform to the limitation of § 1732 to the effect that the entries must be made "at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter." However, in this case after considerable testimony and discussion it was admitted for the limited purpose of attacking credibility. An adequate charge on the limitations upon the jury's consideration of the sketch was given.

We find no error in the admission of the report.

■ The next two points involve attack upon portions of the charge to the jury and the answer to a question by the jury. Although appellants did not make timely objection to either action, we have reviewed the record and find no prejudicial error in them. The fourth claim is that the trial judge erred in excluding appellants' offer of testimony on Pennsylvania law by a Pennsylvania lawyer. The trial judge acted within his discretion in taking judicial notice of the law of Pennsylvania and excluding the proffered testimony of the lawyer. 5 Moore, Federal Practice ¶ 43.09. The other claims of appellants have been examined and found to be without merit. The judgment below is, therefore, affirmed.