Goldie Faye HAWKINS, as Administratrix of the Estate of Robert Gaylord Hawkins, Deceased, Plaintiff-Appellant,

v.

GOREA MOTOR EXPRESS, INC., Defendant-Appellee.

No. 368, Docket 30370.

United States Court of Appeals Second Circuit.

Argued April 26, 1966.

Decided May 16, 1966.

Edward R. Macomber, Rochester, N. Y. (Harris, Beach, Wilcox, Dale and Lino-

witz, Rochester, N. Y., on the brief), for plaintiff-appellant.

Stephen V. Lines, Rochester, N. Y. (Albert R. Lindgren, Rochester, N. Y., on the brief), for defendant-appellee.

Before SMITH, KAUFMAN and FEINBERG, Circuit Judges.

PER CURIAM:

Plaintiff, administratrix of the estate of her husband Robert G. Hawkins, appeals from a jury verdict for defendant Gorea Motor Express, Inc. in the District Court for the Western District of New York and from denial of her motion for a new trial by Chief Judge Burke. Plaintiff's husband was killed in an accident on the New York State Thruway on July 30, 1963, when the truck in which he was riding (but not driving) struck defendant Gorea's truck in the rear. Both trucks were proceeding in the same direction at the time of the collision. Plaintiff claimed that Gorea's driver was negligent in pulling back onto the Thruway from the shoulder while the truck in which Mr. Hawkins was riding (driven by William L. Covey) was approaching. Gorea denied that its driver was negligent and also argued that the sole cause of the accident was Covey's negligence in traveling at an excessive speed and failing to keep a proper lookout. Appellant argues only that two items of evidence were improperly admitted below: (1) a state trooper's report of the accident; and (2) testimony regarding a plea of guilty by Covey to a traffic violation.

■ 1. As to the state trooper's report, in Salsberg v. Modern Transfer Co., 324 F.2d 737, 738 (2d Cir. 1963), this court said regarding a similar report:

There should be little doubt of the admissibility of the report in its original form under 28 U.S.C.A. § 1732(a). Pekelis v. Transcontinental & Western Air, Inc., 187 F.2d 122 (2 Cir. 1951); McKee v. Jamestown Baking Co., 198 F.2d 551 (3 Cir. 1952); United States v. New York Foreign Trade Zone Operators, 304 F.2d 792 (2 Cir. 1962).

(In that case, the real question was whether an addition to the report made on the eve of trial should also be admitted.) Here, the state trooper testified at trial, was available for full cross-examination, and established the necessary foundation for the report. The report was based entirely on information derived from the trooper's own observations of the accident scene and from conversations with the two drivers, who were hardly bystanders. Cf. Johnson v. Lutz, 253 N.Y. 124, 170 N.E. 517 (1930), relied on by plaintiff. Under the circumstances, it was not error to admit the report. See also LeRoy v. Sabena Belgian World Airlines, 344 F.2d 266, 273 (2d Cir.), cert. denied, 382 U.S. 878, 86 S.Ct. 161, 15 L.Ed.2d 119 (1965).

■■ 2. As to the plea of guilty, Covey's testimony was introduced by plaintiff in deposition form because Covey, a resident of Missouri, was not present at trial. Fed.R.Civ.P. 26(d). Plaintiff intended to omit reading a portion of the deposition in which Covey admitted pleading guilty to driving at "excessive speed for existing conditions." See N. Y. Vehicle & Traffic Law, McKinney's Consol.Laws, c. 71, § 1180(a). However, defendant insisted that this part of the deposition also be read, and the court, over plaintiff's objection, so ruled. Since the trooper's report was properly admitted, Covey's testimony acknowledging his guilty plea was cumulative and its admission, if error at all, was harmless, because the police report contained the same information. Moreover, Covey's plea of guilty was admissible as a statement relevant to [1] and in some degree inconsistent with his earlier deposition testimony as to facts bearing on the degree of care he used in driving the truck. Plaintiff's counsel conceded below that the evidence would have been admissible for impeachment had Covey been present in court. However, that Covey's testimony was offered by way of deposition would not affect its admissibility. And although plaintiff objected generally below, he requested no instruction to the ju-

1. See Fed.R.Civ. p. 26(d) (4).

ry limiting the testimony to an impeachment use. Although we need not explore the issue, it may even be that under modern trends this statement of a key actor in the occurrence, although he be not a formal party, would be admissible even for substantive purposes as a declaration against interest. See Pennsylvania R. R. v. Rochinski, 81 U.S.App.D.C. 320, 158 F.2d 325 (1946); McCormick, Evidence § 255 at 548–49 (1954); 2 Morgan, Basic Problems of Evidence 290–94 (1961).

Plaintiff's fundamental objection to this evidence is, of course, the policy argument that a plea to a traffic violation has no probative weight. Thus, plaintiff relies heavily on Walther v. News Syndicate Co., 276 App.Div. 169, 93 N.Y.S.2d 537 (App.Div. 1st Dep't 1949), and section 155 of the N. Y. Vehicle & Traffic Law, which provides in part that "A traffic infraction is not a crime * * * and shall not affect or impair the credibility as a witness * * * of any person convicted thereof." However, *Walther* involved introduction of a conviction of a traffic infraction (after a plea of not guilty), rather than introduction of a plea of guilty, and the court so noted. Despite the contrary policy argument referred to in *Walther,* in Ando v. Woodberry, 8 N.Y.2d 165, 168, 203 N.Y.S.2d 74, 168 N.E.2d 520 (1960), the New York Court of Appeals held that a defendant's plea of guilty to a traffic violation was admissible in a subsequent negligence action. The court pointed out that the quoted language from the Vehicle & Traffic Law "does no more than restate the rule of the common law that a prior conviction may be shown to attack the credibility of a witness only if it was a conviction of a *crime.*" In this case, as in *Ando,* the plea was not used to show prior conviction of a crime, although, as already indicated, its use for impeachment as a prior inconsistent statement would have been justified. In any event, under all of the circumstances, receipt of Covey's testimony acknowledging his guilty plea was not reversible error.

Judgment affirmed.