In re Donald J. LEIFHEIT, Jr., Debtor.

AMERICAN MODERN HOME
INSURANCE COMPANY, et
al., Plaintiffs,

v.

Donald J. LEIFHEIT, Jr., Defendant.

Bankruptcy No. 1–81–01455.
Adv. No. 1–82–0434.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Sept. 10, 1985.

Albert T. Brown, Jr., Cincinnati, Ohio, for plaintiffs.

Henry Masana, Hamilton, Ohio, for defendant.

Harold Jarnicki, Lebanon, Ohio, trustee.

## DECISION

BURTON PERLMAN, Bankruptcy Judge.

The related bankruptcy case was reopened "to correct the address of one of the creditors", Liberty Mutual Insurance Company. This action was taken by debtor, because according to the application on the basis of which reopening was granted, it was stated that the creditor had filed an attachment against debtor's wages. Counsel for creditor then filed an Application for Relief from Judgment. The basis for the application was that counsel for Liberty Mutual (as well as for American Modern Home Insurance Co. and Cincinnati Insurance Co.) only received notice of the reopening after the order was granted. The application for relief from judgment recited that in fact debtor had satisfied Liberty Mutual, but still was obligated to the other two insurance companies. We denied the Application for Relief from Judgment, but granted leave to file a complaint objecting to dischargeability of debt. Thereupon, American Modern Home Insurance Co. and Cincinnati Insurance Co. filed such a complaint. The matter came on for trial at the conclusion of which we reserved decision.

The complaint asserts a claim arising under 11 U.S.C. § 523(a)(6) for wilfull and malicious injury to property. In support of this position, it is asserted that defendant operated his motor vehicle at speeds in excess of ninety miles per hour while attempting to elude law enforcement authorities, and in the course of such conduct caused damage to a mobile home and its contents and furnishings. The loss was covered by plaintiffs who here assert a subrogation claim.

At the trial, plaintiff placed in evidence a state court judgment, which, it was agreed, was taken by default. The only witness called by plaintiff was defendant, who testified that he had no recollection of the events upon which the complaint is based. He did testify that he had been driving on the date in question, December 9, 1973, on State Route 4, that he knew that his vehicle had been totalled in the incident because he saw it in a junk yard, and that he was in a hospital subsequent to the time of the event. Plaintiff then proffered an accident report purportedly prepared by a police officer named Selfridge. Upon objection, we admitted only the page thereof which the defendant stated was a reasonable representation of the location of the highway and the mobile home. Defendant objected to the balance of the document and questions of authentication and hearsay were raised. We reserved decision on the admissibility of this exhibit. Subsequent to the trial, plaintiffs supplemented the record by the submission of a copy of the same accident report to which was attached a Certificate executed by one Kathy Davis, who therein identifies herself as Police Department office manager employed by the City of Fairfield, Ohio. We treat this document as though it had been offered in evidence at the trial and will consider defendant's objections to the accident report that were made at the trial as though they were made to this exhibit.

At the conclusion of plaintiff's case, defendant moved to dismiss. Because the only evidence of the events upon which liability could be predicated was in the accident report as to which we had reserved decision, we also reserved decision as to the motion to dismiss.

Furthermore, at the conclusion of defendant's case, plaintiff moved for judgment on the state court default judgment. Because it was a default judgment, we held that it could not be given preclusive effect and overruled that motion. *In re Spilman*, 656 F.2d 224 (6th Cir.1981).

After due consideration, we have reached the conclusion that the accident report, even as submitted post-trial, is not admissible in evidence. We will therefore grant

defendant's motion to dismiss made at the close of plaintiff's case.

The question is controlled by the Federal Rules of Evidence (F.R.E.). F.R.E. 901 provides:

Rule 901. Requirement of Authentication or Identification

(a) General Provision—The requirement of authentication or identification as a condition precedant to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

(b) Illustrations.—By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

\* \* \* \* \* \*

(7) Public records or reports.—Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

■ In an effort to authenticate the accident report, plaintiff has submitted a "Certificate." The Certificate is actually an affidavit in which the signer recites that she has custody and supervision of the records of the Fairfield Police Department, that there was a traffic crash report No. 73–655 of which an "apparent" true and correct copy is attached, the original having been destroyed in June 1984 in accordance with the usual practice of the department. She says further that such reports are prepared by officers investigating a crash at or near the time of his investigation, and that it is the regular practice of the Fairfield Ohio Police Department to make reports of all accidents investigated by its police officers. Finally, she says that she is personally familiar with, and recognizes the handwriting of Officer Selfridge who prepared the report under consideration. There then appears the attestation by a notary.

■ We are unwilling to accept this certificate as authenticating the document in question. Generally, an affidavit will not suffice to authenticate a document, for the party opposing admission ought to have an opportunity to cross-examine the person vouching for the document. Further, we observe there is no statement that the affiant is the one who prepared the copy in question, or that she knows where it came from, or any indication that she knows what the practice was at the Fairfield Ohio Police Department in regard to record keeping in 1973 when the events in question occurred.

We note that in cases where the question of admissibility of accident reports have been considered by courts, the officer who prepared the report has been called to testify. This was true in both *Baker v. Elcona Homes Corp.*, 588 F.2d 551 (6th Cir.1978), and *Hawkins v. Gorea Motor Express, Inc.*, 360 F.2d 933 (2nd Cir.1966). In both cases, the report was found admissible. The necessity of testimony by the officer may be inferred from the remarks of the court in *Hawkins* at p. 934, that the testimony of the officer "established the necessary foundation for the report," In the case before us, to the contrary, the officer was not called, and no explanation for his absence was provided.

■ Nor can the accident report be considered as having been self-authenticated pursuant to the provision of F.R.E. 902(2). That provision governs the admissibility of a public document not under seal and requires that if the document itself is not under seal, then a public officer having a seal and having official duties in the political subdivision in question must certify under seal the official capacity and genuineness of the signature of the signer of the document. The document in question here is the accident report, and obviously the prerequisites for self-authentication are totally absent with regard to the signature of the preparing officer. Attachment of the affidavit of the one responsible for the custody of the records of the Fairfield Police Department records does not meet the

specification of F.R.E. 902(2), because that requirement goes to the document itself. Attachment of a hearsay statement to the document under consideration cannot make a questioned exhibit self-authenticating. For these reasons, we have concluded that the accident report in question, not being authenticated, is not admissible.

Plaintiffs have another obstacle to cross even if its were deemed that their accident report were adequately authenticated, for it is obviously hearsay. They contend, however, that it is within the business records exception and is therefore not proscribed hearsay. The controlling rule is F.R.E. 803(6) dealing with records of regularly conducted activity. The rules of evidence at that place provide for the admissibility of a report made at or near the time of the event by a person with knowledge who has kept the report in the course of a regularly conducted business activity, it being the regular practice of that activity to make the report, as shown by the testimony of the custodian of such reports, "unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness". The hearsay Certificate is not sufficient to meet this rule for the reasons which we have stated, to wit, the affiant does not state where the copy offered in evidence came from, although she does say that the original was destroyed some time ago. Further, she gives no indication of knowledge of the record keeping procedure of the Fairfield Police Department at the time of the record in question, some twelve years ago.

We believe further that even if it were admissible, the report would be insufficient to make plaintiff's dischargeability case, and that is the only evidence that plaintiffs have put forward to establish the merits of their case. In the statement appearing in the report, the reporting officer states that he observed defendant's vehicle going at a high rate of speed and he pursued it, whereupon the pursued vehicle lost control and crashed. Such facts alone are insufficient to establish a wilfull and malicious injury. Some evidence of the reason why this extraordinary behavior occurred would have to be shown, because there are conceivable explanations that would not lead to liability within a dischargeability case. The gap is not filled by the check by the officer in the box containing an abbreviation for intoxication. Such a conclusion with no suggestion of the factual basis for it cannot establish drunk driving.

In view of all the foregoing, we have concluded that defendant's motion to dismiss at the close of plaintiff's case must be granted.