**Ira JEFFERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–92–01113–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

May 18, 1995.

---

9. Because of our disposition of points of error one, three, and seven, we need not address the remaining points of error.

Kenneth W. Smith, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before YATES, FOWLER and DRAUGHN *, JJ.

## OPINION

YATES, Justice.

Appellant, Ira Jefferson, brings fifteen points of error, appealing his conviction for possession of less than twenty-eight grams of cocaine, with enhancement paragraphs alleging two prior felony convictions for possession of cocaine. Appellant challenges the conviction on basically three grounds; the manner in which the trial court ruled on the admissibility of certain evidence, the trial court's exclusion of the police report, and the trial court's refusal to allow appellant to cross-examine the police officers concerning the similarity of the circumstances surrounding appellant's arrest with those of others arrested at the scene. We affirm.

Reading the evidence in the light most favorable to the verdict, the record reflects that on February 6, 1992, members of the Northwest Tactical Response Team of the Houston Police Department executed a search warrant at a residence located at 2006 Carr in Houston, Texas. The team consisted of police officers who were specially trained in identifying narcotics and safely executing search warrants relating to suspected narcotics violations. Officer Joseph McWilliams, a ten-year veteran of the Houston Police Department, was a member of that team and was the officer who arrested appellant. McWilliams was designated as the point man for the raid, meaning that he would be the first to announce his authority and enter the residence. McWilliams testified that he knocked on the door, announced that he was a police officer, and forcibly entered the house. Upon entry, McWilliams observed appellant backing up in a startled manner. Appellant then dropped a matchbox to the ground, put his hands up, and fell back against the wall. McWilliams recovered the matchbox and inside found what he believed to be three "rocks" of cocaine. A chemist with the Houston Police Department crime

* The Honorable Joe Draughn sitting by assignment.

lab confirmed that the substance in the matchbox was cocaine weighing less than 28 grams. At the time appellant was arrested, several other individuals in the residence were also arrested for possession of cocaine.

In his first five points of error, appellant alleges that the trial court erred by (1) sustaining the prosecutor's objections on grounds not specifically urged by the State; (2) admonishing defense counsel concerning counsel's repeated attempts to solicit testimony which called for a hearsay response, and (3) admonishing the witness to avoid testifying as to hearsay.

During defense counsel's cross-examination of Officer McWilliams, the State objected to questions propounded to the officer that related to the circumstances surrounding the arrest of the other individuals in the residence. The other individuals were arrested by officers who were part of the raid team with Officer McWilliams. After each offensive question, the prosecutor either made a general objection, or objected to the question's relevance. The court sustained the objections, but stated that he was doing so on the basis of hearsay. Following defense counsel's repeated attempts to elicit the objectionable information, the court admonished defense counsel not to ask the objected to questions again and instructed the witness not to give testimony "unless you saw it or heard it." Defense counsel did not object to the court's rulings or comments.

Appellant argues that the trial court erred in making rulings not sought by the State. He further argues that these rulings deprived him of probative evidence under Rule 802 of the Texas Rules of Criminal Evidence. Rule 802 provides, in pertinent part, that "[i]nadmissible hearsay admitted without objection shall not be denied probative value." TEX.R.CRIM.EVID. 802. We disagree with appellant's interpretation of the rules of criminal evidence.

▮ First, the rules give the trial court wide discretion in determining the admissibility of evidence. *Dorsett v. State*, 761 S.W.2d 432, 433 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). An imprecise or general objection will suffice where the correct ground for exclusion of evidence is obvious to the judge and to opposing counsel. *See Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim.App.1977).

▮ Second, a party does not have the right to have inadmissible hearsay admitted simply because the State fails to specifically object on hearsay grounds. To the contrary, Rule 802 explicitly states that "[h]earsay is not admissible except as provided by statute or these rules." TEX.R.CRIM.EVID. 802. The portion of Rule 802 cited by Appellant applies only to hearsay which is inadvertently admitted despite its defined inadmissibility. It does not serve to eviscerate hearsay's presumptively inadmissible nature. Thus, the trial court did not err in excluding the evidence on grounds other than those urged by the State.

▮ Concerning the court's admonishments, we find that given the context shown by the record and defense counsel's repeated attempts to solicit testimony which the court had already ruled inadmissible, the judge did not err in admonishing either the witness or defense counsel concerning his rulings. Additionally, we note that defense counsel's failure to properly object to the trial court's actions waived any error. TEX.R.APP.P. 52(a). Appellant's first five points of error are overruled.

▮ In points of error nine and twelve, appellant complains that the trial court erred in refusing his request to cross-examine the police officers concerning the similarity between the circumstances of appellant's arrest and the arrest of other individuals in the residence. When a defendant desires to elicit specific facts from a state's witness, but is precluded from doing so by the trial court, error is preserved in one of two ways: (1) the defendant may call the witness to the stand outside the presence of the jury and have him answer the specific questions defendant desires; or (2) the defendant may make an offer of proof of the questions he would have asked and the answers he expected to receive had he been permitted to question the witness in the presence of the jury. *Koehler v. State*, 679 S.W.2d 6, 9 (Tex.Crim. App.1984); *Thompson v. State*, 802 S.W.2d

840, 842–43 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd); TEX.R.APP.P. 52(b). Because the record indicates that defense counsel made no offer of proof or bill of exceptions, error was not preserved. Thus, we overrule appellant's ninth and twelfth points of error.

■ Appellant asserts in his seventh, tenth, thirteenth, fourteenth, and fifteenth points of error that the trial judge erred by refusing his attempts to offer the offense report into evidence under the business records exception to the hearsay rule. *See* TEX. R.CRIM.EVID. 803(6).[1] Appellant contends that he wished to use the report, not for its truth, but for the limited purpose of showing the *modus operandi* of the officers involved in the raid and their intent and state of mind. The basis of the court's refusal was that the report contained hearsay and matters unrelated to the case. However, the court stated that it would allow appellant to offer any specific part of the report that might be used for impeachment purposes by the officer who made the report.

■ Appellant fails to cite, nor do we find, any Texas cases decided after the adoption of the Texas Rules of Criminal Evidence which address the business record exception in the context of this case. When such a situation arises, we may look to federal authority as an aid to our analysis. Specifically, the Court of Criminal Appeals has held that since both the Texas Rules of Criminal Evidence and the Texas Rules of Civil Evidence are patterned after the Federal Rules of Evidence (FRE), cases interpreting federal rules should be consulted for guidance unless the Texas rule clearly departs from its federal counterpart. *Cole v. State*, 839 S.W.2d 798, 801 (Tex.Crim.App.1990). Since Texas Rule of Criminal Evidence 803(6) is worded almost identically to the federal rule, reliance on federal decisions interpreting the Federal Rules of Evidence is justified.[2]

Appellant cites two federal cases that are helpful to our examination of this issue. *See United States v. Versaint*, 849 F.2d 827 (3rd Cir.1988); *United States v. Smith*, 521 F.2d 957 (D.C.Cir.1975). Both decisions hold that police reports are admissible by the defendant as substantive evidence, unless the government affirmatively establishes that they are untrustworthy. In *Smith*, the court noted that the business record exception, unlike some other exceptions, was previously codified as the Business Records Act in 28 U.S.C. § 1732(a) (1970). Additionally, the *Smith* court noted that five other circuits, including the Fifth Circuit, had previously held that a police record constitutes a business record within the meaning of the Business Records

---

1. The record indicates that defense counsel also sought admission of the offense report under the public records exception of TEX.R.CRIM.EVID. 803(8)(C). Since appellant does not raise this point of error on appeal, we decline to address this issue.

2. Texas Rule 803(6) provides:

   Rule 803. The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
   (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by affidavit, that complies with Rule 902(10), unless the source of information or the method or circumstances of preparation

   indicate lack of trustworthiness. "Business" as used in this paragraph includes any and every kind of regular organized activity whether conducted for profit or not.
   Federal Rule 803(6) is worded as follows:
   Rule 803: The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
   (6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

provision of 28 U.S.C. § 1732(a). *E.g., United States v. Halperin,* 441 F.2d 612, 618 (5th Cir.1971); *United States v. Burruss,* 418 F.2d 677, 679 (4th Cir.1969); *United States v. Wolosyn,* 411 F.2d 550, 551 (9th Cir.1969); *United States v. Graham,* 391 F.2d 439, 447 (6th Cir.), *cert. denied,* 393 U.S. 941, 89 S.Ct. 307, 21 L.Ed.2d 278 (1968); *Salsberg v. Modern Transfer Co.,* 324 F.2d 737, 738 (2nd Cir.1963). Because the Federal Rules of Evidence did not materially alter the repealed code section, these opinions remain valid. *Smith,* 521 F.2d at 963. The *Smith* court went on to hold that it could "see no reason to exclude a police record made in the regular course of business, it being the regular course of police work to make the record at issue." *Id.* It should be noted that the *Smith* court was careful to limit its finding to situations where the record is offered by a criminal defendant in support of his defense. Applying the above rationale to appellant's case, we find the trial judge erred in refusing appellant's request to admit the police report under the business records exception contained in Rule 803(6) of the Texas Rules of Criminal Evidence.

■ However, to determine if such error requires a reversal of the judgment, we must look at the impact, if any, the exclusion had on appellant's conviction. A reversal is warranted only if the excluded evidence contributed to his conviction or punishment. TEX. R.APP.P. 81(b)(2); *Sorensen v. State,* 856 S.W.2d 792, 794–95 (Tex.App.—Beaumont 1993, no pet.); *Canto–Deport v. State,* 751 S.W.2d 698, 700 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). If the reviewing court determines, after examining the entire record in a neutral, impartial and evenhanded manner, that exclusion of the evidence contributed to the conviction or punishment, the error cannot be deemed harmless. *Sorensen,* 856 S.W.2d at 795; *Canto–Deport,* 751 S.W.2d at 700.

■ In the present case, appellant was able to introduce essentially all of the evidence contained in the offense report through the testimony of the various officers involved in the arrest. Further, as previously stated, the trial judge was willing to allow the appellant to offer specific parts of the report for impeachment purposes so long as it was based on personal knowledge of the testifying officer. In reviewing the record, it is apparent that the jury was able to determine the importance of any inconsistencies adduced by the trial testimony. The jury was also afforded the larger picture of the arrest and the alleged *modus operandi* of the police officers because this theory was clearly established through the testimony of the different officers. Thus, the contents of the offense report were merely cumulative in nature and any error committed by excluding the report was harmless. Appellant's seventh and tenth points of error are overruled.

■ Appellant's remaining points of error complain of the trial court's refusal to allow him to cross-examine Officers McWilliams and Kwiatkowski regarding what they had learned about the raid from post-arrest conversations with the other members of the raid team or from what they read in the police report. Appellant sought to show that the circumstances of appellant's arrest were similar to the circumstances of the arrests of the other individuals in the residence. Appellant contends that without this testimony he was unable to adequately present to the jury the possibility that the officers fabricated their stories about how the arrests took place. Appellant is correct that the statements were not hearsay since they were clearly not being offered to prove the truth of the matter asserted. Instead, appellant's intent was to use the testimony to show exactly the opposite, that is, the improbability of the suspects all reacting alike in the given situation. However, in reviewing the record, any error by the trial court in excluding the testimony was harmless. As stated above, appellant was able to introduce essentially all of the evidence by other means. The record indicates appellant clearly advanced his *modus operandi* theory to the jury by his method of questioning the various witnesses and through his closing argument. Therefore, the desired testimony would have been cumulative. We overrule appellant's points of error as to this issue.

Finding no reversible error, we affirm the judgment of the trial court.