**Opinion filed February 28, 2022**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00070-CR

_____

## JOEL LUIS SILVA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 10608**

## M E M O R A N D U M   O P I N I O N

Joel Luis Silva was indicted for the third-degree felony offense of evading arrest using a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West 2016). The jury convicted Appellant of the charged offense. Appellant pleaded true to one prior felony conviction alleged for enhancement purposes. Pursuant to the jury's recommendation, the trial court sentenced Appellant to confinement for a term

of eleven years in the Institutional Division of the Texas Department of Criminal Justice. Appellant challenges his conviction in a single issue. We affirm.

*Background Facts*

On March 19, 2018, Trooper Israel Perez of the Texas Department of Public Safety was conducting routine traffic patrol. Trooper Perez identified a vehicle, driven by Appellant, traveling above the posted speed limit. Trooper Perez's radar showed that the vehicle was traveling at 56 miles per hour in a 40-mile-per-hour zone. Trooper Perez was traveling in the opposite direction of the vehicle. In order to initiate the traffic stop, he turned on his patrol lights and made a U-turn to follow behind Appellant's vehicle.

Appellant did not immediately pull over—instead Trooper Perez had to follow the vehicle while attempting to call for backup. Trooper Perez testified that the vehicle had multiple opportunities to stop in a safe location, but instead traveled five or six blocks and stopped at a private residence. Once parked at the private residence, Appellant exited the vehicle and began to run on foot. Trooper Perez continued to pursue Appellant on foot for some time until he had the opportunity to tase and detain him.

At trial, Appellant argued that he did not evade arrest in a motor vehicle. He argued instead that he had only evaded on foot. Trooper Perez testified that he believed that Appellant first evaded using a motor vehicle, because Appellant did not pull over, and then evaded on foot when Appellant exited his vehicle. Trooper Perez's supervisor, Sergeant Eldridge John Nunez Jr., who reviewed Trooper Perez's reports, testified that he believed, based on the content of the report and the video evidence, that Appellant had evaded in a motor vehicle and on foot.

When cross-examining Trooper Perez, Appellant's trial counsel offered the case report prepared by Trooper Perez ten days after the arrest. The State objected

to the report as hearsay. In response to the State's objection, Appellant argued that the report qualified as an exception under Rule 803(6) as a business record. *See* TEX. R. EVID. 803(6). The trial court sustained the State's objection. The trial court's ruling is the subject of this appeal.

*Analysis*

In Appellant's sole issue, he contends that the trial court erred in refusing to admit Trooper Perez's case report under the business records exception to the hearsay rule. The State responds that the records were inadmissible under the public records exception and were thus inadmissible as a business record. We note at the outset that Appellant did not make an offer of proof at trial of the contents of Trooper Perez's case report.[1] However, the case report was included in the appellate record as an attachment to Appellant's motion for new trial. Appellant contends on appeal that the report would have shown that Officer Perez originally arrested Appellant for the misdemeanor offence of evading arrest on foot, not the felony offense of evading in a motor vehicle.

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–154 (Tex. Crim. App. 2001).

Appellant contends that the trial court erred in excluding the case report because it met the requirements of Rule 803(6) as a record of a regularly conducted

---

[1] Generally, "[i]n order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule of Evidence 103 by making an 'offer of proof' which sets forth the substance of the proffered evidence." *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) (citing TEX. R. EVID. 103(a)(2)).

activity. TEX. R. EVID. 803(6). This exception, often called the business records exception, provides that certain types of documents are admissible because they are routine, objective, and are prepared outside of an adversarial context. *See Cole v. State*, 839 S.W.2d 798, 807–08 (Tex. Crim. App. 1990).

The State contends that we do not need to decide whether the case report is a business record under Rule 803(6), because Rule 803(8) precluded the admission of the report. Rule 803(8)(A)(ii) provides that public records generally constitute an exception to the hearsay rule; however, the exception does not apply "in a criminal case" to a record that contains "a matter observed by law-enforcement personnel." TEX. R. EVID. 803(8)(A)(ii). In *Cole*, the Texas Court of Criminal Appeals held that Rule 803(6) cannot be used as a "back door" for evidence that would be inadmissible under Rule 803(8) because it is a matter observed by law-enforcement personnel that is offered in a criminal case. 839 S.W.2d at 811; *accord Smith v. State*, 895 S.W.2d 449, 454 (Tex. App.—Dallas 1995, pet. ref'd).

Appellant cites *Jefferson v. State* for the proposition that a defendant in a criminal case, as opposed to the State, may seek to admit an officer's offense report under the business records exception. *See Jefferson v. State*, 900 S.W.2d 97, 102 (Tex. App.—Houston [14th Dist.] 1995, no pet.). In *Jefferson*, the Fourteenth Court of Appeals looked to federal authority, finding that the Federal Rules of Evidence did not depart from their Texas counterparts. *Id.* at 101 (citing *Cole*, 839 S.W.2d at 801). The court found that federal decisions had consistently held that police reports are admissible by a defendant as substantive evidence "unless the government affirmatively establishes that [the record is] untrustworthy. *Id.* at 101–02 (citing *United States v. Smith*, 521 F.2d 957 (D.C. Cir. 1975)). Applying the federal authority, the *Jefferson* court held that the trial court erred in failing to allow a

defendant to introduce a police report under the business records exception. *Id.* at 102.

Professors Goode and Wellborn have cited *Jefferson* for the proposition that "[t]he exclusions [of Rule 803(8)] do not apply if the record or report is offered by the accused rather than by the State." Steven Goode & Olin Guy Wellborn, 2 *Texas Practice Series: Texas Rules of Evidence* § 803.13 (4th ed. 2021); *see id.* § 803.11 (citing *Jefferson* for the proposition that "[a] police report may, however, be admissible if offered by the accused rather than by the State."); Steven Goode & Olin Guy Wellborn, 2A *Texas Practice Series: Handbook on Texas Rules Evidence Rule 803(6), (7)* (2021) (citing *Jefferson* for the proposition that "[t]he exclusion does not apply if the record or report is offered by the accused rather than by the State"). They note as follows regarding the basis of the holding in *Jefferson*: "Although on its face the limitation in subpart (A)(ii) would appear to bar evidence offered by either the prosecution or the accused, it has been interpreted, in light of its legislative history, only to restrict evidence offered by the prosecution." Goode & Wellborn, 2 *Texas Practice Series: Texas Rules of Evidence* § 803.13 n.25 (citations omitted).

We need not decide whether a police report that is inadmissible due to the exclusionary language in Rule 803(8)(A)(ii) is nonetheless admissible under Rule 803(6) if offered by the defendant. Even if we assume that the trial court erred by excluding the case report that Appellant sought to offer, such error was harmless. "The erroneous exclusion of evidence offered under the rules of evidence generally constitutes non-constitutional error and is reviewed under Rule 44.2(b)." *Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007) (citing *Potier v. State*, 68 S.W.3d 657, 662–63 (Tex. Crim. App. 2002)). We disregard such an error if it "does not affect substantial rights." TEX. R. APP. P. 44.2(b); *see Macedo v. State*, 629 S.W.3d

237, 240 (Tex. Crim. App. 2021). An error does not affect a defendant's substantial rights if, after examining the record as a whole, the appellate court has fair assurance that "the error did not influence the jury, or had but a slight effect." *Gonzalez v. State*, 544 S.W.3d 363, 373 (Tex. Crim. App. 2018). To make this determination, we consider: "(1) the character of the alleged error and how it might be considered in connection with other evidence; (2) the nature of the evidence supporting the verdict; (3) the existence and degree of additional evidence indicating guilt; and (4) whether the State emphasized the complained of error." *Id.*

Irrespective of the lack of a contemporaneous offer of proof, one can discern from the discussion in the record that Appellant wanted to introduce the report to show a potential discrepancy between the offense for which Appellant was originally arrested and the offense charged. When Appellant's trial counsel cross-examined Trooper Perez, he asked him: "And in this report, is it fair to say you never indicate this defendant evaded with a motor vehicle?" The prosecutor made a hearsay objection at this point. After the trial court instructed Appellant's trial counsel to re-ask the question, trial counsel asked: "Why is it in your offense report that you have discussed in front of you that you failed to make any indication that this defendant evaded arrest with a motor vehicle?" The court reporter then read this question again on the record. The trial court sustained the prosecutor's hearsay objection at this point.

Trial counsel's efforts to show that Trooper Perez's case report did not indicate that he arrested Appellant for evading in a motor vehicle spanned twelve pages of the reporter's record—all of which occurred in the jury's presence. At one point, trial counsel later asked Trooper Perez: "Did you indicate anywhere in anything that he was evading arrest with a motor vehicle at the time of the arrest?" Trooper Perez replied: "Failed to stop on the case report."

Additionally, Appellant's trial counsel questioned Trooper Perez's supervisor, Sergeant Nunez. Trial counsel asked Sergeant Nunez why changes were not made to Trooper Perez's case report to reflect the offense of evading arrest in a motor vehicle if the video supported that offense. Sergeant Nunez responded by saying that the case report did not need to be changed because "the facts and circumstances" of the case report supported the offense of evading arrest with a motor vehicle. Trial counsel then asked Sergeant Nunez the following question: "But you did not indicate—there was nowhere indicating [in Trooper Perez's case report] that this was evading with a motor vehicle; is that true?" Sergeant Nunez replied: "I think the official -- I think what you're getting at, if I may, *the official title of the report does not indicate with a vehicle*, but the facts and circumstances that Trooper Perez put in his case report supports that charge" (emphasis added).

Sergeant Nunez's response explicitly noted that Trooper Perez's case report did not indicate that Appellant was arrested for evading arrest with a motor vehicle. This is the same information that Appellant contends that he was not able to put into evidence by the trial court's evidentiary ruling that precluded the admission of the case report. Furthermore, trial counsel's statements in the presence of the jury conveyed this same information as he attempted to offer the case report into evidence. The state of the evidence was such that Appellant's trial counsel was able to argue during closing argument that "[t]here was evidence presented, although it was not seen, there was evidence presented through [Trooper Perez's] supervisor and through [Trooper Perez] that there was a report, and that report didn't have this charge as evading arrest with a motor vehicle." Thus, even if the trial court erred by denying Appellant's attempt to offer the case report into evidence, such error was harmless because the same information was before the jury. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


February 28, 2022

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.