Annelisa **CANTO–DEPORT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–87–00398–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 26, 1988.

Francisco G. Medina, Davila & Medina, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Winston E. Cochran, Jr., Asst. Dist. Atty., for appellee.

Before EVANS, C.J., and DUNN and SAM BASS, JJ.

## OPINION

SAM BASS, Justice.

A jury convicted appellant of fraudulent removal of a writing and assessed a fine of $200.

We affirm.

■ In her first point of error, appellant contends the trial court erred in overruling her motion for instructed verdict because the evidence was insufficient to prove the acts alleged in the information. After the trial court overruled her motion for instructed verdict, appellant presented defense evidence, thereby waiving any error on appeal. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim.App.1981); *Martin v. State*, 704 S.W.2d 892, 893 (Tex.App. —Houston [14th Dist.] 1986, pet. ref'd.).

■ Even if we were to address the merits of appellant's argument, however, we would find that the trial court did not err. The State charged appellant under Tex.Penal Code Ann. § 32.47 (Vernon 1974). The statute requires the State to show that appellant: (1) acts with intent to defraud or harm another; (2) by destroying, removing, concealing, altering, substituting, or otherwise impairing the verity, legibility, or availability; (3) of a writing, other than a governmental record.

The record reflects that the store security guard saw the appellant enter the store, look at merchandise and select the green sweater that she later was accused of taking. He observed her carry it for a while, and then put it back on a rack different from the one from which she originally chose it. As she examined other merchandise, the security guard looked at the green sweater that she had returned to the rack and saw that it bore a price tag of $39. A few minutes later the appellant returned and retrieved this same green sweater and took it, along with other garments, to the changing room.

Among these other garments was a yellow sweater. A store security guard's subsequent investigation resulted in his finding a yellow sweater in the changing room area without a price tag. An inventory check determined the price of this sweater to be $16.

When appellant exited the changing room, the security guard followed her and looked in her shopping basket. In it he saw the same green sweater but now with a $16 price tag. When she presented the green sweater to the cashier, she paid $16. The security guard followed her from the store and arrested her.

Appellant makes much of the fact that the inventory control number and the price on the disputed tag were incorrectly matched. Appellant contends that the error displayed on the tag indicates that the store made an error in pricing the garment, and so there exists an explanation of these events that is consistent with her being innocent of the charges, *viz.*, that the store itself erroneously tagged the green sweater that she purchased with a $16 price. This argument disregards the underlying facts that the store security guard witnessed the following events: (1) appellant selected a garment bearing a $39 price tag; (2) appellant subsequently entered the changing rooms with this garment; and, (3) when appellant exited the changing rooms, this garment bore a $16 tag. Regardless of the discrepancies between the store's price tags and inventory control numbers, the evidence conclusively establishes that a witness observed appellant enter the changing area with a garment ticketed at $39 and exited this area with the same garment bearing a $16 tag.

The standard of review is the same for both direct and circumstantial evidence. *Fierro v. State*, 706 S.W.2d 310, 313 (Tex. Crim.App.1986). Thus, we view the evidence in the light most favorable to the judgment (trial court) or the verdict (jury

trial). *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984).

The State adequately proved its case. The State provided evidence in the form of circumstances from which one could infer that, with intent to defraud, appellant removed a price tag from the garment and replaced it with another.

Appellant's first point of error is overruled.

In her second point of error, appellant alleges the trial court erred in not permitting character witnesses to testify about her reputation for honesty and fair dealing. An accused may introduce evidence of his general good character about the particular trait involved in the offense charged. *Hamman v. State*, 166 Tex. Crim.R. 349, 314 S.W.2d 301, 305 (1958); *Williams v. State*, 649 S.W.2d 693, 695 (Tex.App.—Amarillo 1983, no pet.).

Tex.R.Crim.Evid. 404 provides that if the character of the party accused of conduct involving moral turpitude is involved, then evidence thereon shall be admitted by reputation or opinion testimony.

Because the information included an allegation that appellant acted with an intent to defraud, the accusation involved an issue of moral turpitude; therefore, appellant's reputation for honesty was at issue. The trial court erred in sustaining the objections.

This does not end our analysis. First, the general rule is that if a court excludes evidence offered by a defendant, it is incumbent upon the defendant to make an offer of proof to preserve any error in refusing to admit the evidence. *Easterling v. State*, 710 S.W.2d 569, 575 (Tex.Crim. App.1986), cert. denied, —— U.S. ——, 107 S.Ct. 170, 93 L.Ed.2d 108; *Stewart v. State*, 686 S.W.2d 118, 122 (Tex.Crim.App. 1984), cert. denied, 474 U.S. 866, 106 S.Ct. 190, 88 L.Ed.2d 159 (1985).

However, no offer of proof is necessary if the substance of the evidence is apparent from the context within which the questions were asked. Tex.R.App.P. 52(b). It is clear from the context that appellant was seeking to introduce testimony as to her reputation for honesty and fair-dealing; therefore, we find that she did not waive this point of error.

The court's refusal to admit evidence is reversible only if the offered evidence is relevant and its exclusion was harmful to the accused. *See Bird v. State*, 692 S.W.2d 65, 70, 73 (Tex.Crim.App.1985), cert. denied, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986) This court must consider the facts and circumstances of each individual case. *Id.* at 70.

The test for harm when evidence is admitted improperly is: whether there is a reasonable probability that the evidence might have contributed to the conviction or affected the punishment. *Alexander v. State*, 740 S.W.2d 749, 765 (Tex.Crim.App. 1987). The standard should be the same when an appellant complains of a trial court's *exclusion* of evidence: whether there is a reasonable probability that the absence of the evidence might have contributed to the conviction or affected the punishment. *See Bird v. State*, 692 S.W.2d at 70, 73.

The record reflects that two witnesses whose, testimony was excluded, testified, without objection, that appellant was a "law-abiding citizen." Furthermore, prior to their testimony, appellant's husband testified that his wife worked in and was respected by the community. We find that any error was cured because similar evidence was produced before the jury. *See Brandley v. State*, 691 S.W.2d 699, 707 (Tex.Crim.App.1985), and *Brinkley v. State*, 161 Tex.Crim.R. 413, 277 S.W.2d 704, 708 (1954), cert. denied, 350 U.S. 938, 76 S.Ct. 310, 100 L.Ed. 819 (1956).

We overrule appellant's second point of error.

We affirm the conviction.