**Bobby Ray WADE, Appellant,**

v.

**STATE of Texas, State.**

**No. 2–89–238–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 23, 1991.

Rehearing Overruled March 5, 1991.

Dean A. Sanders, Fort Worth, for appellant.

Barry L. Macha, Criminal Dist. Atty., Wichita County, John W. Brasher, Asst. Dist. Atty., Wichita County, for state.

Before HILL, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant, Bobby Ray Wade, appeals his conviction for the offense of possession of a controlled substance: cocaine, of an amount less that twenty-eight grams. Formerly TEX.REV.CIV.STAT.ANN. art. 4476–15 § 4.04(b)(1) (now codified at TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Pamph.1991)). A jury found appellant guilty of the charged offense, and the trial court assessed punishment at ten years confinement in the Texas Department of Corrections and a fine of $1500.

We affirm.

In the early morning hours of November 13, 1988, Officers Keethler and Wheeler were walking a beat in the bar area of Flood Street in Wichita Falls. The officers heard a commotion and noticed two individuals fighting. The officers ran to the scene and separated the two black males involved in the altercation. After separating appellant and the other man, Officer Keethler placed appellant against the wall, advised him he was under arrest for disorderly conduct, and performed a minimal frisk for weapons. Appellant was placed in a patrol unit and transported to the Wichita County confinement facility. Kelly Brunson, a detention officer, performed a detailed search of appellant. At that time, the officer discovered three small packets of a white rock substance in appellant's front pants pocket. Officer Keethler field tested the substance which resulted in a positive test for morphine based cocaine. Officer Keethler testified that appellant said someone must have planted the drugs on him.

Appellant presented a slightly different story about the course of events leading up to his arrest. Appellant testified that during the course of the fight, someone indicated that the police were coming, so appellant and Norman Cotton, the other fighter, stopped fighting and stood up. At that time, Norman Cotton grabbed appellant and began hugging him. Paul Taylor, a witness for appellant, also testified that the fighting had stopped before the police arrived and appellant and Cotton were hugging each other telling everybody they were just friends. This version of the story was not supported by the testimony of Norman Cotton, the other individual involved in the fight.

In his only point of error, appellant contends that the trial court erred in sustaining the State's motion in limine and in refusing to allow the introduction of evidence as to the character of appellant for not being a drug abuser. At the time the State rested its case, the prosecutor filed a motion in limine requesting the court to order appellant's counsel "not to refer to or allude to any character of the defendant with regard to his drug—not being a drug abuser...." The trial court granted the State's motion.

■ The mere granting of a motion in limine does not constitute a basis for complaint on appeal. *See Basham v. State,* 608 S.W.2d 677, 679 (Tex.Crim.App. [Panel Op.] 1980). Rather, it is upon the offer and exclusion of specific evidence that a record is made to show what evidence was excluded and it is upon such record that this court must make a determination of whether reversible error was committed. *Id.*

■ The general rule is that an accused may introduce evidence of his general good character about a particular trait involved in the offense charged. *Hamman v. State,* 166 Tex.Crim. 349, 314 S.W.2d 301, 305 (1958); *Canto–Deport v. State,* 751 S.W.2d 698, 700 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). The Texas Rules of Criminal Evidence incorporate this rule. Rule 404 includes an exception for evidence of a pertinent trait of an accused's character offered by the accused to the general rule that evidence of a person's character is not admissible for the purpose of proving that he acted in conformity therewith on a certain occasion. TEX.R.CRIM.EVID. 404(a)(1). Rule 405 provides for reputation and opinion evidence as methods of proving character where applicable, and further

provides that specific instances of conduct may be used where character is an essential element of a charge, claim, or defense. TEX.R.CRIM.EVID. 405.

 Appellant contends that evidence he was not a drug user is a pertinent trait as to the offense of possession. The record reveals only two instances where appellant attempted to offer evidence as to his character and was not allowed to do so. Appellant's counsel asked Paul Taylor if appellant had ever made any comments regarding drug users. The witness answered that appellant had talked about them. The State objected and the trial court instructed the jury to disregard the exchange. We are unable to see how this question goes to appellant's character. The only other instance where the trial court denied appellant's evidence occurred when Norman Cotton was asked if he had ever seen appellant possess drugs. The witness answered that he had not seen appellant possess drugs. The State again objected and the trial court sustained the objection, instructing the jury to disregard the question and answer.

Evidence that appellant had never possessed drugs would be a pertinent trait and essential element of appellant's case in a prosecution for possession. *See Foley v. State*, 172 Tex.Crim. 261, 356 S.W.2d 686, 687 (1962) (opinion on reh'g); *Canto–Deport*, 751 S.W.2d at 700; TEX.R.CRIM. EVID. 404 and 405. *But see Spector v. State*, 746 S.W.2d 946, 950 (Tex.App.—Austin 1988, pet. ref'd). Therefore, the trial court erred in excluding this particular evidence.

■ Our analysis does not end with finding error, however. In examining the record, we find that on several occasions appellant was able to get in evidence of his non-use of drugs. Appellant testified that he had been arrested numerous times and that each search incident to arrest failed to uncover anything. Appellant also testified that he did not have any drugs on him the night of the arrest and further, he did not do drugs. Paul Taylor, a defense witness, testified that he had never seen appellant use cocaine. In light of the other occasions where appellant was able to introduce evidence on this point we conclude beyond a reasonable doubt that the error made no contribution to appellant's conviction or punishment. *See* TEX.R.APP.P. 81(b)(2); *see also Canto–Deport*, 751 S.W.2d at 700.

The judgment of the trial court is affirmed.