Tommy WELCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–97–324CR.

Court of Appeals of Texas, Beaumont.

Submitted April 1, 1999.

Decided April 14, 1999.

Rehearing Overruled May 13, 1999.

Douglas M. Barlow, Beaumont, for appellant.

Mark Mullin, Special Prosecution Unit, Huntsville, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

DON BURGESS, Justice.

A jury found Tommy Welch guilty of aggravated assault with a deadly weapon and of possessing a deadly weapon in a penal institution. The trial court found the enhancement allegations to be true and sentenced Welch to two twenty-five year terms in the Texas Department of Criminal Justice, Institutional Division. The sentences are to run concurrently. Welch brings ninety-three issues on appeal.

The record reveals Welch, while an inmate in the TDCJ, stabbed another inmate, Henry Thomas. Thomas testified Welch attacked him with a weapon while he was writing a letter in his cell. Thomas said he did not have a weapon and did not have a reputation for violence and that Welch had no reason to fear him. Thomas also testified he followed the rules at the TDCJ and never had any problems with white inmates.

Welch testified Thomas attacked him and so he grabbed the weapon away from Thomas and stabbed him in order to subdue him. Welch stated he had been warned that Thomas often attacked white inmates and was a member of the "Kill or Die" gang; that Thomas inflicted extortion upon other inmates; that Thomas had been written up and had disciplinary actions taken against him for misbehavior in

prison; and that Thomas had told him about being written up and had threatened Welch. Welch additionally testified he was afraid of Thomas because of his past disciplinary record.

Another inmate, Samuel Kennedy, testified he warned Welch that Thomas was a dangerous individual and had assaulted other inmates. At trial, Welch tendered Exhibit 2, Thomas's penitentiary packet and disciplinary reports, but the trial judge refused to allow it into evidence based on the State's relevancy objections.

In issues one through eighty-nine, Welch complains the trial court erred in excluding Exhibits 2–A through 2–QQQQ. Exhibit 2 consists of numerous documents relating to Thomas's prior acts. These include Thomas's prior convictions for several robberies, disciplinary reports concerning Thomas's conduct at the TDCJ, and TDCJ notes and communications regarding Thomas's disruptive behavior. On appeal, Welch complains these documents were relevant to establish that Thomas was the aggressor on the occasion in question, and to show Welch's fear of Thomas.

The standard of review for admission or exclusion of evidence is abuse of discretion. *Erdman v. State*, 861 S.W.2d 890, 893 (Tex.Crim.App.1993). A trial judge has not abused her discretion unless she has "acted arbitrarily and unreasonably, without reference to any guiding rules and principles." *Breeding v. State*, 809 S.W.2d 661, 663 (Tex.App.—Amarillo 1991, pet. ref'd). Exclusion of evidence does not result in reversible error unless the exclusion affects a substantial right of the accused. *Id.*; Tex.R.App. P. 44.2(b); *see also Vega v. State*, 898 S.W.2d 359, 363 (Tex.App.—San Antonio 1995, pet. ref'd) (subjecting exclusion of evidence to harmless error analysis).

■ In determining harm, we consider the following factors: the source of the error; the nature of the error; whether and to what extent the error was emphasized by the State; the collateral implications of the error; how much weight a juror would probably place on the error; and whether declaring the error harmless would encourage the State to repeat it with impunity. *Harwood v. State*, 961 S.W.2d 531, 537 (Tex.App.—San Antonio 1997, no pet.); *Vega*, 898 S.W.2d at 363.

■ In the present case, the trial court prevented Welch from introducing Exhibit 2, consisting of specific incidents of Thomas's conduct. Thomas had testified that he followed the rules of the TDCJ, that he did not have a reputation for violence, and that Welch had no reason to fear him. The general rule is that a party is not entitled to impeach a witness on a collateral matter. *Ramirez v. State*, 802 S.W.2d 674, 675 (Tex.Crim.App.1990). However, as long as an opposing party is correcting a false impression made by a witness, the party is allowed to correct that false impression. *Id.* In doing so, the opposing party is entitled to bring in evidence of the witness's specific instances of conduct. *Id.* at 676; *Lagrone v. State*, 942 S.W.2d 602 (Tex.Crim.App.1997); *Ex parte Carter*, 621 S.W.2d 786, 788 (Tex.Crim.App.1981); *Ochoa v. State*, 481 S.W.2d 847, 850 (Tex.Crim.App.1972); *Wheeler v. State*, 988 S.W.2d 363 (Tex.App.—Beaumont 1999, no pet. h.)(not yet reported).

■ We find the trial court erred in refusing to allow certain portions of Exhibit 2 into evidence. Evidence of Thomas's prior acts of misconduct involving his violations of the rules at the TDCJ and involving his assaultive and aggressive behavior at the TDCJ was admissible to correct the false impression his testimony left with the jury. Thomas's testimony left the jury with the false impression that Thomas had never been involved in aggressive and assaultive behavior with other prisoners and had never broken any rules at the TDCJ. The exclusion of Exhibit 2 affects Welch's substantial rights because the jury may have reached a different verdict had they been allowed to see this evidence. We sustain those issues consisting of TDCJ disciplinary reports and communications

that indicate Thomas's aggressive and assaultive behavior and his violations of the rules at the TDCJ; we sustain issues 10, 15, 17, 21, 25, 26, 29, 30, 34, 36, 40, 41, 50, 51, 55, 65, 66, 72, 73, 75, 83, 85. We need not address Welch's remaining issues. This cause is reversed and remanded in accordance with this opinion.

REVERSED AND REMANDED.