Opinion issued April 19, 2007 

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-01043-CR






BILLY JOSEPH BATCHELOR, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 180th District Court

Harris County, Texas

Trial Court Cause No. 1002120






MEMORANDUM OPINION


 A jury found appellant, Billy Joseph Batchelor, guilty of possession of less
than one gram of cocaine. See Tex. Health & Safety Code Ann. § 481.115(b)
(Vernon 2006). The trial court assessed punishment, pursuant to an agreement
between appellant and the State, at confinement in a state jail for one year and a $500
fine, but suspended the confinement portion of the sentence and placed appellant
under community supervision for three years. We determine (1) whether any error
that resulted from the trial court's exclusion, based on relevancy, of evidence
showing that appellant had not used cocaine was harmless; (2) whether appellant
preserved his complaint that the trial court's exclusion of the evidence that he did not
use cocaine prior to his arrest constituted a violation of his right to present a defense
under the federal Due Process Clause and the state Due Course of Law Clause; (1) and
(3) whether appellant was denied effective assistance of counsel because his attorney
failed to object to the State's questioning of a police officer regarding appellant's
post-arrest silence and alleged "illegal confession."Background

 In the early morning hours of September 26, 2004, Officers Robert Torres and
Dean Stark of the Houston Police Department were at a gas station when they
observed that appellant, who was underage, had a strong odor of alcohol about him. 
The officers placed appellant under arrest for public intoxication and curfew
violation.

 During a search incident to arrest, Officer Torres found a small bag containing
a white powdered substance in the pocket of the shorts worn by appellant. Officer
Stark performed a field test on the white powder, and it tested positive for cocaine. 
Based upon the results of the field test, appellant was placed under arrest for
possession of cocaine. At some point after Officer Torres had found the cocaine bag
in appellant's pocket, appellant stated to Officer Stark, "Oh, I forgot that was there." 
The following morning, after appellant was released from jail, his mother took him
to a medical clinic for drug testing. Appellant tested negative for cocaine. 

 At trial, appellant attempted to introduce evidence that he had not used cocaine
at a party that he had attended prior to his arrest. The State objected to the admission
of that evidence, and the trial court sustained the State's objections. Appellant
testified that he had put on shorts after having cleaned up at the party and that the
shorts did not belong to the host of the party or appellant. Three of appellant's
friends testified on his behalf and corroborated his testimony that he had been
wearing an unknown individual's pants. Appellant denied telling Officer Stark that
he had forgotten the cocaine was in the pocket of the shorts that he was wearing. 
Instead, he testified that he told the officer, "Whatever I have to say doesn't matter
because you won't believe me anyways." 

 


Use-of-Cocaine Evidence


 In two issues, appellant argues that the trial court erred by excluding evidence
that showed that he had not ingested cocaine. 

A. Relevancy-of-Evidence Complaint

 In his first issue, appellant argues that "[t]he court erred in ruling that evidence
which showed that appellant had not ingested any cocaine was not relevant." The record reveals only two instances when appellant attempted to offer
evidence of his non-use of drugs. One instance was when appellant's counsel
questioned defense witness Kyle Jackson as follows: 

 [Appellant's Counsel]: If [appellant] had been using
cocaine that night would you
have noticed?


 [State]: Judge, object to relevance. 


 [Trial Court]: Sustained. 


The second instance was during the direct examination of appellant:

 [Appellant's Counsel]: While you were at Sherwood
Trails did you ever use any
cocaine?


 [Appellant]: No, sir, I did not.

 

 [State]: Object to relevance. 


 [Trial Court]: Sustained. 

 1. Jackson's Testimony 

 Appellant did not make an offer of proof as to Jackson's testimony regarding
whether Jackson would have noticed if appellant's had used drugs the night that he
was arrested. Failure to make an offer of proof results in a waiver of any error
regarding the excluded evidence. See Guidry v. State, 9 S.W. 3d 133, 153 (Tex.
Crim. App. 1999) (holding that defendant's argument regarding exclusion of evidence
was waived because defendant did not make offer of proof as to excluded testimony). 
The record does not indicate what Jackson's testimony would have been to the
objected-to question. Absent a showing of what such testimony would have been, or
an offer of a statement concerning what the excluded evidence would have shown,
nothing is presented for review. See id. Accordingly, we hold that appellant waived
any error as to the trial court's exclusion of Jackson's testimony regarding whether
Jackson would have noticed if appellant had been using cocaine the night that he was
arrested.

 2. Appellant's Testimony

 Assuming without deciding that the trial court erred by ruling that appellant's
testimony that he had not ingested any cocaine was irrelevant, we determine whether
exclusion of that testimony was harmful. 

 

 a. The Law

 Exclusion of evidence does not result in reversible error unless the exclusion
affects a substantial right of the defendant. (2) Alexander v. State, 137 S.W.3d 127, 130
(Tex. App.--Houston [1st Dist.] 2004, pet. ref'd) (stating that erroneous admission
or exclusion of evidence does not result in reversible error unless it affects substantial
right of accused); see Welch v. State, 990 S.W.2d 876, 878 (Tex. App.--Beaumont
1999, no pet.) (subjecting exclusion of evidence to Texas Rule of Appellate
Procedure 44.2(b) harmless-error analysis); Vega v. State, 898 S.W.2d 359, 363 (Tex.
App.--San Antonio 1995, pet. ref'd) (same); Breeding v. State, 809 S.W.2d 661, 663
(Tex. App.--Amarillo 1991, pet. ref'd) (same); see also Tex. R. App. P. 44.2(b). 
Neither appellant nor the State bears the burden of demonstrating whether appellant
was harmed by the trial court's error. See Johnson v. State, 43 S.W.3d 1, 5 (Tex.
Crim. App. 2001). Instead, it is the Court's responsibility to assess, from the context
of the error, whether the judgment requires reversal because the error affected
appellant's substantial rights. See id. Error affects a substantial right when it has a
substantial and injurious effect or influence in determining the jury's verdict. See id.
at 3-4. 

 b. State's Argument

 The State argues that no harm resulted from the trial court's sustaining its
objection because appellant answered the question and the jury was not instructed to
disregard the evidence. Generally, no harm results when a jury is not instructed to
disregard a witness's answer after a late objection is sustained. See Wiltz v. State, 827
S.W.2d 372, 374 (Tex. App.--Houston [1st Dist.] 1992), rev'd on other grounds,
863 S.W.2d 463 (Tex. Crim. App. 1993) (holding that no harm resulted from
sustaining State's objection to appropriate argument because jury was not instructed
to disregard it); cf. Garcia v. State, 887 S.W. 2d 862, 878-79 (Tex. Crim. App. 1994)
(holding that once evidence is received without limiting instruction, it becomes part
of general evidence and may be used for all purposes); Wade v. State, 803 S.W.2d
806, 808 (Tex. App.--Fort Worth 1991, no writ) (holding that although trial court
erred in excluding certain evidence, error was cured because evidence was admitted
through appellant's in-court testimony). However, here, after the indictment was read
and appellant entered his plea, the trial court specifically instructed the jury not to
consider any evidence to which it sustained an objection. (3) We presume that the jury
followed the instructions of the trial court and did not consider appellant's answer
that he did not use drugs while he was at Sherwood Trails. See Colburn v. State, 966
S.W.2d 511, 520 (Tex. Crim. App. 1998) (holding that there is presumption that jury
considered trial court's instruction to disregard evidence); Rushing v. State, 962
S.W.2d 100, 102 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd) (holding that there
is appellate presumption that instruction to disregard will be obeyed by jury). 
Accordingly, we hold that any error would not be harmless for the reason that the
State argues.

 c. Appellant's Argument

 We now turn to appellant's argument that the trial court's exclusion of
evidence resulted in reversible error. Appellant contends that it was imperative for
him to show that he had not used cocaine for two reasons. 

 Appellant first argues that, considering that there was only a residue amount
of cocaine, "the normal conclusion [of the jury] would be that once upon a time there
was more, and that it had been removed. The normal conclusion [of the jury] would
be that [the cocaine] would have been removed by the person possessing the baggie. 
The normal conclusion [of the jury] would be that the person that removed it did so
for use or sale." 

 In order for the jury to have found appellant guilty of possession of cocaine,
it must have believed that the State proved all of the elements of possession beyond
a reasonable doubt. See Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App.
2005) (explaining that State must show that defendant (1) exercised care, custody,
control, or management over contraband and (2) knew that he possessed contraband);
see aslo Tex. Health & Safety Code Ann. § 481.115(b) (Vernon 2006) (stating
that person commits offense of possession of controlled substance if person
knowingly or intentionally possesses controlled substance). Appellant had the right
to present a defense to negate such elements. See Washington v. State, 388 U.S. 14,
19, 87 S. Ct. 1920, 1923 (1967). 

 Appellant's defense was that he did not intentionally or knowingly possess
cocaine because he did not know that there was cocaine in the pocket of the shorts
that he had borrowed. Although appellant was not allowed to testify regarding his
non-use of cocaine on the night of his arrest, he introduced considerable evidence that
he did not knowingly or intentionally possess the cocaine. For example, appellant
testified that the shorts that he was wearing that night were not his, that he did not put
the cocaine in the shorts' pocket, and that he did not have knowledge of the cocaine's
being there. Appellant testified as follows:

 Defense counsel: Okay. Did you, at any time, from the
time you put those shorts on, ever place
that plastic baggie in that watch
pocket?


 Appellant: No, I did not.


 Defense counsel: Did you ever touch that plastic baggie?


 Appellant: No, I did not.

 

 . . .


 Defense counsel: Did you ever place the substance that's
in there, did you ever put it in that
baggie?


 Appellant: No, I did not. I did not.


 Defense counsel: Did you ever know, have any
knowledge, that that baggie was in
your pants?


 Appellant: I had no idea.


Defense witness Jackson testified:

 Defense counsel: Were you hanging around [appellant]?


 Jackson: Yes.


 

 Defense counsel: Did you ever see a plastic bag of--a
plastic bag of cocaine?


 Jackson: No.


 Defense counsel: Did you ever see him that night with
anything that looked like a plastic bag?


 Jackson: No.


 Defense counsel: Show you what's been marked as D-1
and 2-B. Did you ever see him tuck in
or pull out something that looked like
what's in the contents of 2-B out of
his--out of his watch pocket of D-1?


 Jackson: No, I didn't.


 . . .


 Defense counsel: If [appellant] had been--had
possession of cocaine that night, would
you have known it?


 Jackson: Yes.

Defense witness Chris Gobbi, who was at the party, also testified that the shorts that
appellant was wearing the that night he was arrested did not belong to appellant and
that Gobbi had never seen appellant put anything into or take anything that looked
like cocaine out of his pocket.

 Considering the evidence that appellant introduced that he did not intentionally
or knowingly possess cocaine, we cannot conclude that appellant's testimony
regarding his non-use of cocaine on the night that he was arrested was "imperative"
to his defense or that the trial court's exclusion of that evidence if erroneous, deprived
him of a substantial right. See Tex. R. App. P. 44.2(b). Because the jury convicted
appellant of possession of cocaine, we know that the jury was convinced beyond a
reasonable doubt that appellant intentionally or knowingly possessed cocaine. See
Tex. Health & Safety Code Ann. § 481.115(b); King v. State, 895 S.W.2d 701,
703 (Tex. Crim. App. 1995). The jury apparently did not believe appellant's defense
that he did not know that the cocaine was in his pocket. See Cain v. State, 958
S.W.2d 404, 408-09 (Tex. Crim. App. 1997) (indicating that jury has the sole
province to decide what weight is to be given to contradictory testimony as it turns
on evaluation of credibility and demeanor). It does not follow that the jury would not
have convicted appellant of possession of cocaine because of his testimony that he
did not use it. Indeed, appellant recognizes in his brief that the jury could have
believed that he had possession of cocaine for use or sale, stating, "The normal
conclusion [of the jury] would be that the person that removed it did so for use or
sale." (Emphasis added.) Appellant's excluded testimony related only to his non-use
of cocaine; he did not attempt to introduce evidence that he had not sold it.

 Second, appellant argues that it was imperative to show that he had not used
cocaine because the State had introduced evidence that appellant was intoxicated. 
The record clearly shows that the State and appellant introduced evidence that
appellant was intoxicated because he had been drinking beer. Officer Torres testified
that he placed appellant under arrest because he "smelled alcohol on him." Officer
Stark testified that appellant had "a strong odor of alcohol on him. [Appellant]
appeared to be intoxicated." Appellant and defense witnesses testified that appellant 
had been drinking beer that day. Considering the evidence that appellant introduced
that he was intoxicated from alcohol the night that he was arrested, we cannot
conclude that appellant's testimony regarding his non-use of cocaine on the night that
he was arrested was "imperative" to his defense or deprived him of a substantial right. 
See Tex. R. App. P. 44.2(b). 

 Under these facts, any error in the trial court's exclusion of evidence that
appellant had not ingested cocaine is harmless because it did not substantially affect
or influence the jury's verdict. See id. We hold that the trial court's exclusion of
appellant's testimony regarding his non-use of cocaine the night that he was arrested,
if error, did not amount to reversible error. We overrule appellant's first issue.

B. Due-Process Complaint

 In his second issue, appellant argues that "[he] was denied his due process right
to present a defense when the court barred his ability to show that he had not ingested
cocaine." 

 Appellant does not direct us to any portion of the record in which he made a
timely, specific objection to the trial court that the exclusion of testimony that the had
not ingested cocaine deprived him of his due process or due course of law right to
present a defense. An allegation that the defendant's right to due process or course
of law in violation of the United States Constitution or the Texas Constitution must
be preserved by a timely, specific objection. See Tex. R. App. P. 33.1(a); Broxton v.
State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (holding that appellant failed to
preserve complaint that he was denied right to present defense and right to due
process or course of law in violation of United States Constitution and Texas
Constitution when he did not raise those objections below); see also Hull v. State, 67
S.W.3d 215, 216-17 (Tex. Crim. App. 2002); Marrow v. State, 169 S.W.3d 328, 330
(Tex. App.--Waco 2005, pet. ref'd). Because appellant did not did not make an
objection in the trial court based upon either federal or state constitutional grounds,
he has not preserved this complaint for appellate review. See Broxton, 909 S.W.2d
at 918. We overrule appellant's second issue.

Ineffective Assistance of Counsel


 In his third issue, appellant argues that he was denied effective assistance of
counsel because his attorney failed to object to "evidence produced by the State
which referred to appellant's post arrest silence, and which attributed an illegally
obtained confession to appellant."

A. Standard of Review

 To show ineffective assistance of counsel, a defendant must demonstrate both
(1) that his counsel's performance fell below an objective standard of reasonableness
and (2) that there is a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064, 2068 (1984);
Andrews v. State, 159 S.W.3d 98, 101-02 (Tex. Crim. App. 2005). A defendant has
the burden to establish both of these prongs by a preponderance of the evidence, and
a failure to make either showing defeats his ineffectiveness challenge. Mitchell v.
State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). 

 Our review of appellant's trial counsel's performance must be highly
deferential. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. We determine the
reasonableness of counsel's challenged conduct in context and view it as of the time
of the conduct. Id. at 690. We are to assume a strategic motive if any can be
imagined and find counsel's performance deficient only if the conduct was so
outrageous that no competent attorney would have engaged in it. Bone v. State, 77
S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002). Generally, an isolated failure to
object to certain procedural mistakes or improper evidence does not constitute
ineffective assistance of counsel. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984). 

 In most cases, the undeveloped record on direct appeal will be insufficient to
satisfy the dual prongs of Strickland because the reasonableness of counsel's
decisions often involves facts not appearing in the appellate record. Rylander v.
State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003). Therefore, it is usually critical
that the defendant obtain the necessary record in the trial court to rebut the
Strickland presumption that counsel's conduct was strategic. Thompson, 9 S.W.3d
at 814; McCullough v. State, 116 S.W.3d 86, 92 (Tex. App.--Houston [14th Dist.]
2001, pet. ref'd). This kind of record is best developed in a hearing on a motion for
new trial or by application for a writ of habeas corpus. See Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998); McCullough, 116 S.W.3d at 92. 

B. Silence

 Appellant complains that his attorney failed to object to the State's
questioning of Officer Torres regarding appellant's post-arrest silence. The record
indicates that the State asked Officers Torres and Stark repeatedly, without
objection, whether appellant had said that the bag with cocaine residue did not
belong to him. Officer Torres testified that appellant had not denied that the bag that
contained cocaine was his. Officer Stark testified that appellant stated after the
cocaine had been found, "Oh, I forgot that was there." Appellant did not file a
motion for new trial.

 In Doyle v. Ohio, the Supreme Court held that the Due Process Clause of the
United States Constitution prohibits the cross-examination of a defendant concerning
his silence after he has been arrested and given Miranda (4) warnings. Doyle v. Ohio,
426 U.S. 610, 619, 96 S. Ct. 2240, 2245 (1976). The goal of Doyle is to prevent a
jury from drawing inferences of guilt from a defendant's decision to remain silent
after being told he has a right to remain silent. See id. The same consideration bars
the prosecution from using evidence of such silence as part of its case-in-chief
against the defendant. 41 George E. Dix & Robert O. Dawson, Texas Practice,
Criminal Practice & Procedure § 13.312, at 178 (2d ed. 2001). And, under
Texas law, the prosecution's commenting on post-arrest silence, whether before or
after the giving of Miranda warnings, is a violation of an accused's right to be free
from compelled self-incrimination under article I, section 10 of the Texas
Constitution. See Tex. Const. art. I, § 10; Sanchez v. State, 707 S.W.2d 575, 580
(Tex. Crim. App. 1986).

 However, this is not a case in which appellant remained silent after having
been arrested. Appellant volunteered a statement that he had forgotten the cocaine
was there. At trial, appellant did not claim to have remained silent. Rather, he
claimed that he had made a different statement, that whatever he said did not matter
because the officers would not have believed him anyway. Therefore, the prosecutor
was not developing appellant's silence so much as appellant's saying something
other than denying his possession of the cocaine. Under these circumstances, trial
counsel may have realized that an objection to a comment on appellant's silence was
neither appropriate nor meritorious. Although we are not allowed to speculate
regarding trial counsel's reasons for not objecting, appellant has certainly not met
his burden of showing that his trial counsel had no plausible reason for not objecting.

C. Statement 

 Officer Stark testified that, after appellant had been arrested, appellant stated
that he had forgotten that the cocaine bag was in the pocket of the shorts that he was
wearing. Appellant's statement to Officer Stark was not an illegally obtained
confession, as appellant contends on appeal, because it was volunteered rather than
the result of custodial interrogation. Thus, the record indicates that appellant's
statement was admissible. See Tex. Code Crim. Proc. Ann. art. 38.22, § 5 (Vernon
2005) (stating, "Nothing in this article precludes the admission of a statement . . .
that is res gestae of the arrest or of the offense, or of a statement that does not stem
from custodial interrogation. . . .). Counsel is not deficient for not objecting to
admissible evidence.

 We hold that appellant has not met his burden of proving ineffective
assistance of counsel by a preponderance of the evidence. See Mitchell, 68 S.W.3d
at 642.

 We overrule appellant's third issue. 


Conclusion


 We affirm the judgment of the trial court. 

 

 Tim Taft

 Justice


Panel consists of Justices Taft, Alcala, and Hanks.

Do not publish. See Tex. R. App. P. 47.2(b). 
1. U.S. Const. amends. V, XIV; Tex. Const. art I, § 10.
2. Appellant cites to Harris v. State for his harm analysis. Id., 790 S.W.2d 568,
584-89 (Tex. Crim. App. 1989) (analyzing whether erroneous introduction of
two extraneous offenses resulted in reversible error under former harmless-error standard, which was like current harmless-error standard for
constitutional error). Appellant does not explain why the exclusion of the
complained-of evidence amounted to constitutional error.

 
3. The trial court instructed the jury as follows:


 However, you must follow my instructions. So, you must
not consider any evidence to which I sustain an objection. 


 If any objection is made, I say sustained, you don't
consider the evidence. . . .
4. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966).